**ASH–MARGULIS, Appellant**

v.

**FASHIONS, INC., Appellee**

Civil No. 14-A

District Court of Guam

Appellate Division

September 26, 1958

*Counsel for Appellant:* TURNER & NOVAK (W. SCOTT BARRETT of Counsel)

*Counsel for Appellee:* FINTON J. PHELAN, JR.

Before SHRIVER, *United States Judge,* District Court of Guam; FURBER, *Chief Justice* and TOOMIN, *Associate Justice,* High Court of the Trust Territory of the Pacific Islands

FURBER, *Chief Justice,* High Court of the Trust Territory of the Pacific Islands

## OPINION

This is an appeal from a judgment of the Island Court of Guam in favor of the defendant in an action for goods sold and delivered in which the defendant claimed the account was overpaid. We sit as an appellate court under authority of the Guam Code of Civil Procedure, Part I, Title I,

Chapter II, and Public Law 85–444, 85th Congress, approved June 4, 1958, 72 Stat. 178. The Trust Territory justices were assigned by the Chief Judge of the Ninth Judicial Circuit of the United States under the authority vested in him by Public Law 85–444.

The appellant raises three points as grounds of appeal, namely, (1) that the fourth and crucial paragraph of the Island Court's findings of fact is contrary to and inconsistent with the evidence; (2) that the court erred in admitting over the plaintiff's objection a recapitulation or summary, admittedly made by the President of the defendant corporation, of the account between the parties containing many items running over a period from 1952 to 1955; and (3) that the court erred in its interpretation of the evidence and in assuming that the plaintiff presented its claims in two conflicting amounts.

■ The paragraph of the findings of fact which the appellant complains of reads as follows:

"4. Defendant produced all invoices and cancelled checks showing payment in full for each invoice previous to the trial of this action. The total invoices and payments made exceeded the amount testified to by witnesses for the plaintiff. Plaintiff has failed to show that defendant is indebted to plaintiff in any amount."

Counsel for the appellant objects especially to the statement, "Defendant produced all invoices and cancelled checks showing payment in full for each invoice previous to the trial of this action." It is clear that the documents referred to were not introduced in evidence and counsel for the appellant claims in his closing brief that he "was not allowed to see those papers." This argument is too technical to be entitled to weight in view of Section 475 of the Guam Code of Civil Procedure, which provides, in part, as follows:

"Sec. 475. Errors and defects and reversal of judgment. The court must, in every stage of an action, disregard any error,

improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties. . . ."

While the word "produce" as applied to documents is sometimes used in the sense of "produce and offer in evidence," that is not its only possible meaning. Section 1939 of the Guam Code of Civil Procedure shows this clearly. It reads as follows:

"Sec. 1939. Writings called for and inspected may be withheld. Though a writing called for by one party is produced by the other, and is thereupon inspected by the party calling for it, he is not obliged to produce it as evidence, in the case."

Taken in the context of this case, the word "produced" in the finding in question quite obviously means physically brought into the court room and made available for examination.

The record does not bear out at all counsel for the appellant's claim that he was not allowed to see the papers in question. The only fair construction of repeated statements by the defendant's President on the witness stand and by the defendant's counsel is that they were offering her for examination on all the supporting documents she had brought with her and which she testified covered all the items in her recapitulation. Mr. Barrett, who represented the appellant at the trial as well as on this appeal, not only failed to inquire about these documents in his cross-examination of the defendant's President but tried to discourage their consideration, first, when the defendant's counsel, Mr. Phelan, started to offer them in evidence, and, second, when the court was inquiring into them. The record speaks for itself on this.

*Transcript, pp. 23–24.*

"MR. PHELAN: While you have a record there, are there any invoices or documents that you would like the court to see?

43

MISS WEBB: I have them all here. Wouldn't this record of payment be important.

MR. PHELAN: Yes.

MISS WEBB: May I show this to him?

MR. PHELAN: Yes, I am offering this.

MR. BARRETT: I think that the issue in this case is whether the amount prayed for in the complaint was owing at the time the company filed in [it] and any amounts that were paid before that is immaterial. What she says is owing, is her statement and what they say is owing, is another thing, but if she can show receipts or checks paid for any amounts after the date of the last invoice, then I think it would be material, otherwise not.

MR. PHELAN: That is the obvious approach but it does not work. We are going to start from the first and bring the accounts right up to date.

BY MR. PHELAN: Carol, starting with the first page of this re-cap invoice 14084, will you produce that invoice?

A. Yes.

MR. BARRETT: The judge has accepted the re-cap in evidence. That is the best evidence. If he wants to accept it as it is, I don't care.

MR. PHELAN: Have you any questions, Judge, on the re-cap? Are there any supporting documents that you desire to see?"
*Transcript, p. 29.*

"MR. PHELAN: We have all the supporting documents to back up this statement.

THE COURT: You have some supporting documents here. These payments that you allege in check No. 1320.

A. Yes.

Q. Cabled by RCA?

A. Yes.

Q. Could you substantiate that?

A. Yes there is a receipt from RCA.

Q. This check 1343 for $100....

A. (Hands document to the court)

Q. And the 1355?

A. (Hands document to the court)

Q. Money Order 263186?

A. (Hands document to the court)

Q. 1233090, 244?

A. (Hands document to the court)

44

MR. BARRETT: I want the record to show that there is no issue that these amounts have not been paid, Your Honor. I would like the record to show that. The issue is whether or not there was a thousand and some odd dollars owing as of October, 1955. I again state that the only material payments would be any payments made after that date."

The above quotations from the transcript give the impression that counsel for the plaintiff was then relying primarily on the theory that he had proved an account stated as of October 1955 and, therefore, did not wish to go into matters prior to that. The complaint, however, does not allege an account stated and the evidence that there ever was one or that any such amount was due in October, 1955, as the plaintiff claims, is not persuasive. On appeal their counsel has not argued that he proved an account stated, but whatever his reasons were for discouraging further examination of the supporting documents at the trial, we consider it unfair for him to now claim he "was not allowed" to see them.

■ In connection with his first two points, counsel for the appellant seems to have completely overlooked a well recognized exception to the general rule that the contents of documents must be proved by the originals. Section 1855 of the Guam Code of Civil Procedure provides in part as follows:

"Section 1855. Contents of writing, how proved. There can be no evidence of the contents of a writing, other than the writing itself, except in the following cases.
1. . . .
2. . . .
3. . . .
4. . . .
5. When the original consists of numerous accounts or other documents, which cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole. . . ."

The exception set forth in subdivision 5 of this section is in accord with and must be construed in the light of the usual common law exception applying to such a situation. The essential elements of this common law exception are stated as follows in Section 1230 of Wigmore on Evidence (Third Ed.):

"Where a fact could be ascertained only by the inspection of a large number of documents made up of very *numerous detailed statements*—as, the net balance resulting from a year's vouchers of a treasurer or a year's accounts in a bank ledger—it is obvious that it would often be practically out of the question to apply the present principle by requiring the production of the entire mass of documents and entries to be perused by the jury or read aloud to them. The convenience of trials demands that other evidence be allowed to be offered, in the shape of the testimony of a competent witness who has perused the entire mass and will state summarily the net result. Such a practice is well established to be proper.

"Most courts require, as a condition, that the mass thus summarily testified to shall, if the occasion seems to require it, be placed at hand in court, or at least be made accessible to the opposing party, in order that the correctness of the evidence may be tested by inspection if desired, or that the material for cross-examination may be available:

1854, Bigelow, J., in . . . .

"The most commonly recognized application of this principle is that by which the state of *pecuniary accounts* or other business transactions is allowed to be shown by a witness' schedule or summary. So, also, . . . ."

■ Under the circumstances in this case, involving an active account running over a period of years and including over two hundred (200) entries according to the recapitulation in question, we find no error in the court's admission of the recapitulation.

■ There is a plain inconsistency between some of the figures in two (2) of the exhibits introduced by the plaintiff, which inconsistency was not explained by the evidence. This was a proper factor for the court to consider in de-

46

termining the reliability and accuracy of the plaintiff's records and computations. We find no error in the court commenting on this nor do we feel it imports any misinterpretation of the evidence. The plaintiff had plenty of opportunity to present to the trial court any explanation there might be for the inconsistency. The explanation which counsel for the appellant offers in his brief, that the inconsistency was due to an understandable error on the part of the plaintiff's own accountant, does little to strengthen his case.

On the entire record we feel that the trial court was fully justified in finding that the plaintiff had not sustained the burden of proving that the defendant owed the plaintiff anything.

Judgment affirmed.